*394 OPINION.
Mujrdock :
Recent decisions of the courts indicate that this trust is an association taxable as a corporation within the meaning of those terms as used in the Revenue Acts of 1926 and 1928. Morrissey v. Commissioner, 296 U. S. 344; Swanson v. Commissioner, 296 U. S. 362; Commissioner v. Coleman-Gilbert Associates, 296 U. S. 369; Commissioner v. Combs, 296 U. S. 365; Commissioner v. Vandergrift Realty & Investment Co., 82 Fed. (2d) 387. In the latter case the court said:
* * ⅜ the Supreme Court indicates very clearly in Morrissey v. Gonvnvis-sioner, supra, that little consideration should be given to the form of organization under which the trust is operated, but rather that the true rule is that purpose and actual operation of the trust should be controlling in determining whether or not the trust shall be classified as an association for tax purposes.
The Supreme Court, in the Morrissey case, clearly indicated also that a trust created as a convenient method by which persons become associated for dealings in real estate, the development of tracts of land, and the sale of properties are differentiated from the ordinary trust and are associations taxable as corporations. The present trust was “created to enable the participants to carry on a business and divide the gains which accrue from their common undertaking.” “These attributes make the trust sufficiently analogous to corporate organization to justify the conclusion that Congress intended that the income of the enterprise should be taxed in the same manner as that of corporations.”
Counsel for the petitioner points out that Mr. Chief Justice Hughes, in his opinion in the Morrissey case, said that “ ‘Association’ implies associates”, and counsel argues that in the present case Komiss had no associates, since he was the sole beneficiary. However, the fact was developed on cross-examination that the wife and niece of Komiss had contributed substantial parts of the purchase price of the *395 lands. Komiss could not remember how much they had contributed, and he was vague as to just how they were interested. But we think it is proper to conclude from a consideration of his entire testimony, that his wife and his niece had interests in the land which persisted, at least as beneficial interests under the trust, even though Komiss was named as the sole beneficiary in the trust instrument. Thus the evidence shows that his wife and his niece were beneficiaries although not named as such in the trust instrument. Even if this were not so, nevertheless, Shepard was an associate of Komiss in the joint undertaking. He was to furnish services rather than land. But he certainly associated himself with Komiss and the trustee in a joint undertaking in such a way as to bring this case within the cases above cited. Furthermore, he was a beneficiary under the trust. The petitioner cites the case of Mark L. Gerstle, 33 B. T. A. 830, but that case is distinguishable from the present case on its facts. The petitioner also cites The Highlands, Trust No. 1546, 32 B. T. A. 760, but that case was decided before the Supreme Court decided the four cases upon which the present decision is based.

Decision will he entered for the respondent.